UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAVELLE MALONE,<br><br>      Plaintiff,<br><br>      v.<br><br>NP DANIELLE HAMLIN & NURSE KLEIN,<br><br>      Defendants. | CAUSE NO. 3:25cv24 DRL-SJF |

OPINION AND ORDER

Lavelle Malone, a prisoner without a lawyer, filed an amended complaint (ECF 11) after the court determined his original complaint failed to state any claims. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Malone is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Malone, who is confined at the Miami Correctional Facility, claims Nurse Practitioner (NP) Danielle Hamlin changed his blood pressure medication from

amlodipine besylate—which he had been taking for a few years and "was not having any problems" with—to lisinopril. ECF 11 at 3. He believes this was deliberately indifferent because she did so "without a doctor's written order" and because Mr. Malone "never consented to a change in the medication" or "sign[ed] a consent form to be prescribed this 'lisinopril' medication." *Id*. He also claims she failed to advise him of the potential side effects.

A few days later, on September 22, 2024, at approximately 3:00–3:15 am, Mr. Malone began to experience an allergic reaction. Specifically, his "bottom lip and face were swollen and painful." *Id*. at 2. He was taken to the infirmary where he was examined by Nurse Klein. She administered 50 milligrams of Benadryl to counter the anaphylaxis, sent him back to his cell, and told him to return if his symptoms worsened.[1] Mr. Malone faults Nurse Klein for not immediately administering "IV Benadryl and steroid." *Id*. When his symptoms worsened at approximately 4:45 am, he returned to the infirmary for further treatment. He admits he was then transported to the emergency department at Dukes Memorial Hospital via ambulance, where he was provided with "epinephrine SC. Solu-Medrol 125 mg I.V. oral diphenhydramine." *Id*. at 4. He has sued NP Hamlin and Nurse Klein for monetary damages.

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under

---

[1] In a grievance attached to his original complaint, Mr. Malone stated she "made a phone call to her supervisor Nurse Practitioner Kim Myers so nurse Klein gave me two (2) Benadryl which she instructed me to take with water then she told me to return to my LHU." ECF 1-1 at 1.

2

the Eighth Amendment, a prisoner must show (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As this circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98. Put another way, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson*

*v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Accordingly, deference must be given "to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted). This standard "reflects the reality that there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and quotations omitted). Additionally, it is not enough that a medical professional be mistaken in his or her judgment. The deliberate indifference standard requires a something "akin to criminal recklessness," *Thomas*, 2 F.4th at 722, rather than "negligence, gross negligence, or even recklessness," *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted).

It may be presumed that Mr. Malone has a high blood pressure condition. As pointed out in the court's prior screening order, the question in this case is whether Mr. Malone has plausibly alleged the defendants were deliberately indifferent to his medical needs. With regard to NP Hamlin, he alleges she changed his blood pressure medication without his consent or "a doctor's written order." Even if both of those assertions prove

4

to be true, Mr. Malone hasn't plausibly alleged NP Hamlin violated the Constitution. Mr. Malone isn't "entitled to demand specific care," *Walker*, 940 F.3d at 965, so it's irrelevant whether he "consented" to the medication change. Additionally, though Mr. Malone states NP Hamlin instituted the blood pressure medication change without a "doctor's written order," it isn't plausible that a specific written order from a doctor was required to do so. Nurse practitioners in Indiana are considered advanced practice registered nurses (APRNs) and may be authorized to prescribe "legend drugs, including controlled substances" if the APRN submits the appropriate application, information, and fees. *See* 848 I.A.C. § 5-1-1. Nothing in the complaint suggests NP Hamlin—an APRN at the Miami Correctional Facility employed by Centurion Health Service—exceeded the scope of her authority when she changed Mr. Malone's blood pressure medication. In fact, a review of publicly available records shows Danielle E. Hamlin has an active "APRN Prescriptive Authority" license with the State of Indiana. *See* Indiana Professional Licensing Agency Verification, available online at: https://mylicense.in.gov/everification (last visited Feb. 23, 2026).[2]

      Regardless, even if her credentials weren't in order, Mr. Malone's complaint fails to state any claims against her. A violation of state administrative codes or prison policies doesn't create liability under 42 U.S.C. § 1983. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional

---

[2] The court is permitted to take judicial notice of public documents in screening a complaint. *See, e.g.,* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). More important, nothing in the complaint plausibly suggests changing his medication from one widely available blood pressure drug to another fell outside of professional judgment, practice, or standards. It isn't reasonable to infer NP Hamlin had preexisting knowledge Mr. Malone was allergic to the lisinopril or that it was otherwise contraindicated for his condition. He also doesn't allege he was forced to remain on the lisinopril after it was determined he was allergic to it.[3] As noted, there isn't a sole "proper way" to practice medicine in a prison setting, nor is Mr. Malone entitled to demand specific treatment or specific medications. *See Jackson*, 541 F.3d at 697–98; *Walker*, 940 F.3d at 965; *see also Types of Blood Pressure Medications*, American Heart Association, https://www.heart.org/en/health-topics/high-blood-pressure/changes-you-can-make-to-manage-high-blood-pressure/types-of-blood-pressure-medications# (last visited Feb. 24, 2026) (lisinopril is an angiotensin converting enzyme (ACE) inhibitor while amlodipine is a calcium channel blocker; both are commonly prescribed to treat high blood pressure). Mr. Malone also asserts that NP Hamlin failed to advise him of the general side effects of lisinopril before prescribing it. Even if true, such an allegation describes, at most, negligence, which isn't a constitutional

---

[3] In fact, although he claims NP Hamlin didn't prescribe him a *different* blood pressure medication following the incident, he admits he "had to continue on taking the original blood pressure medication [he] was prescribed by the doctor" (namely, amlodipine besylate). ECF 11 at 3.

concern. *See Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020) ("[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim.). Accordingly, Mr. Malone has failed to state any plausible claims against NP Hamlin.

Mr. Malone also sues Nurse Klein for failing to administer IV Benadryl at the first signs of his allergy attack. Again, there is not a sole "proper way" to practice medicine in a prison setting, nor is Mr. Malone entitled to demand specific treatment. *See Jackson*, 541 F.3d at 697–98; *Walker*, 940 F.3d at 965. When Mr. Malone first reported the allergy symptoms to a guard, only his bottom lip and face were swollen and painful. He was subsequently taken to medical where he was examined by Nurse Klein. He admits Nurse Klein administered 50 milligrams of Benadryl in pill form to counteract the symptoms before he was then taken to an outside hospital when his symptoms worsened. Based on these facts, it simply can't be inferred that this course of action was unreasonable or that Nurse Klein was deliberately indifferent to his medical needs. *See, e.g., Walker*, 940 F.3d at 965 (deference is given "to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances").

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. 1915A because the amended complaint fails to state any claims upon which relief can be granted.

SO ORDERED.

February 25, 2026                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court